UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARKS LEGACY and
CARRIE GRANT,

      Appellants,

v.

KENNETH A. NATHAN,

      Appellee.

_____/

Case No. 18-cv-11586
Hon. Matthew F. Leitman

## **ORDER GRANTING APPELLEE'S MOTION TO DISMISS (ECF #6)**

On March 20, 2018, the Bankruptcy Court entered an Order Approving Sale Procedures for Trustee's Auction Sale of Collectible Memorabilia (the "Order"). On May 21, 2018, Appellants Parks Legacy and Carrie Grant ("Appellants") filed a Notice of Appeal in this Court in which they state their intention to appeal the Order. (*See* ECF #1.)

Appellee Kenneth Nathan has filed a motion to dismiss the appeal as untimely and for lack of jurisdiction. (*See* Mot. to Dismiss, ECF #6.) Appellants filed written responses to Nathan's motion. (*See* ECF ## 11, 21.) The Court held a hearing on Nathan's motion on August 8, 2018. Counsel for Nathan and Parks Legacy appeared at the hearing. Grant, who is appearing *pro se*, did not appear. For the reasons stated below, and the reasons stated on the record at the hearing, the motion is **GRANTED** and Appellants' appeal is **DISMISSED**.

1

# I

Nathan argues that this appeal should be dismissed because it is untimely. The Court agrees.

11 U.S.C. § 158(a) provides this Court jurisdiction to hear appeals from final orders of the Bankruptcy Court. The time to file such an appeal is governed by 11 U.S.C. § 158(c)(2). That statute provides that "[a]n appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and *in the time provided by Rule 8002 of the Bankruptcy Rules*." 11 U.S.C. § 158(c)(2) (emphasis added). Rule 8002 of the Bankruptcy Rules, in turn, provides that, absent limited exceptions not at issue in this case, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002.

Appellants did not file this appeal within the 14-day period established by Rule 8002. The Bankruptcy Court entered the Order on its docket on March 21, 2018, and Appellants filed their Notice of Appeal in this Court 61 days later, on May 21, 2018. (*See* ECF #1.) The appeal is therefore untimely.

Some courts have held that the 14-day period to file an appeal under Rule 8002 is jurisdictional. *See*, *e.g.*, *In re Jackson*, 585 B.R. 410, 421 (B.A.P. 6th Cir.

2018) ("[W]e [ ] find § 158(c)(2)'s time limits to be jurisdictional."). If the rule is jurisdictional, then dismissal of the appeal is required.

But even if the rule is not jurisdictional, and even if the 14-day period could be tolled under certain circumstances, the Court would still dismiss the appeal as untimely because Appellants have not persuaded the Court that tolling is in order.

Appellants' filings in opposition to Nathan's motion to dismiss do not cite any authority holding that tolling of the time period in Rule 8002 is appropriate under the circumstances of this case. Instead of citing such authority, Appellants argue that they could not have timely appealed the Order because they did not receive notice of its entry. However, Appellants had substantial information concerning, and involvement in, the proceedings related to the entry of the Order, and the Court therefore concludes that it is not appropriate to toll the time to file an appeal based on their claimed lack of knowledge.

The Court begins with Parks Legacy. It actively opposed entry of the Order. On March 15, 2018, it electronically filed objections to the motion that sought entry of the Order. (Bankr. Ct. Dkt. #899.) These objections were filed by Gregory J. Reed as an "authorized fiduciary" and "general counsel" of Parks Legacy. (*Id.*) In addition, on March 20, 2018, attorney Afan Bapacker filed a "Notice of Appearance and Request for Notice" with the Bankruptcy Court in which he formally appeared on Parks Legacy's behalf and requested to be added to the electronic filing matrix.

(Bankr. Ct. Dkt. #900.) Bapacker also appeared on Parks Legacy's behalf at the March 20, 2018, hearing which led to the entry of the Order. (*See* Bankr. Ct. Dkt. #903.) Bapacker was present during the hearing when the Bankruptcy Court orally granted the motion seeking entry of the Order and specifically granted the Trustee permission to submit the Order for entry. (*See id*.) And because Bapacker had filed his Appearance with the Bankruptcy Court, he would have received electronic notice of entry of the Order when the Clerk of the Bankruptcy Court entered the Order on March 21, 2018. Under all of these circumstances, it would not be appropriate to toll the time to appeal entry of the Order based on Parks Legacy's claimed lack of knowledge.

The Court now turns to Grant. Like Parks Legacy, she opposed entry of the Order. She did so by filing a *pro se* objection to the motion that sought entry of the Order on March 8, 2018. (*See* Bankr. Ct. Dkt. #895.) In addition, an attorney for Grant, Mikai Green, then appeared at the March 20, 2018, hearing and opposed entry of the Order on Grant's behalf. (*See* Bankr. Ct. Dkt. #903.) Green was present during the hearing when the Bankruptcy Court orally granted the motion seeking entry of the Order and granted the Trustee permission to submit the Order for entry. (*See id.*) Moreover, on March 26, 2018, Grant filed a motion with the Bankruptcy Court in which she "demand[ed] cancellation of the sale of her property." (Bankr. Ct. Dkt. #906.) This motion is evidence that Grant was aware that the Court had approved

the sale of the property in question through entry of the Order on March 20, 2018. Indeed, the motion was necessary precisely because the Bankruptcy Court had entered the Order on its docket and permitted the sale to proceed. Under all of these circumstances, it would not be appropriate to toll the time for Grant to file an appeal based on her alleged lack of knowledge.

Finally, at the hearing before the Court, counsel for Parks Legacy argued that the 14-day period in Rule 8002 should be tolled because the Bankruptcy Court violated Parks Legacy's due process rights when it entered the Order. But Parks Legacy did not cite any authority for the proposition that the time period to appeal under Rule 8002 should be tolled on the basis that the order from which an appeal is sought was allegedly entered in error.

Accordingly, **IT IS HEREBY ORDERED** that Nathan's motion to dismiss Appellants' appeal (ECF #6) is **GRANTED** and the appeal is **DISMISSED**.

Dated: August 9, 2018

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 9, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

5