UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARKS LEGACY and
CARRIE GRANT,

      Appellants,

Case No. 18-cv-11586
Hon. Matthew F. Leitman

v.

KENNETH A. NATHAN,

      Appellee.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION BY APPELLANT PARKS LEGACY AND SCHEDULING ORAL ARGUMENT ON MOTION FOR RECONSIDERATION BY APPELLANT CARRIE GRANT (ECF #25)

In this appeal, Appellants Parks Legacy and Carrie Grant challenge the following order entered by the Bankruptcy Court on March 20, 2018: Order Approving Sale Procedures for Trustee's Auction Sale of Collectible Memorabilia (the "Sale Order"). In that order, the Bankruptcy Court granted the Trustee's motion to sell collectible memorabilia in which Parks Legacy and Grant claimed an ownership interest.

By order dated August 9, 2018, this Court dismissed the appeal because Appellants failed to file their Notice of Appeal within the fourteen-day time period set forth in Rule 8002 of the Federal Rules of Bankruptcy Procedure (the "Dismissal

1

Order"). (*See* ECF #24).  Appellants have now filed a motion for reconsideration of the Dismissal Order. (*See* ECF #25.)

Motions for reconsideration in this Court are governed by Local Rule 7.1(h). Under that rule, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. Local Rule 7.1(h)(1).  In addition, "[g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local Rule 7.1(h)(3).

Appellant Parks Legacy is not entitled to reconsideration of the Dismissal Order because, (1) in large part, its motion raises the same issues already ruled upon by the Court and (2) it has not identified a palpable defect in the Dismissal Order. Accordingly, the motion for reconsideration is **DENIED** to the extent that it seeks reconsideration of the dismissal of Parks Legacy's appeal.

The Court will hold a hearing on the motion to the extent that it seeks reconsideration of the dismissal of Grant's appeal.  Grant (who is not represented by counsel) and counsel for the Trustee shall appear before the Court on **December 6,**

**2018, at 10:30 a.m.**, for a hearing on Grant's request for reconsideration of that portion of the Dismissal Order that applies to her. Grant and counsel for the Trustee shall be prepared to discuss at the hearing the substance of the materials on file in the following docket entries of the United States Bankruptcy Court for the Eastern District of Michigan in Case Number 14-53838: 903 (audio file), 904, 905, 906, 907, 909, 911, 941, 942 (audio file).

If Grant wishes to have an attorney present argument for her at the hearing, counsel must file on this Court's docket by not later than December 3, 2018, an Appearance as counsel for Grant.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 14, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764