UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARKS LEGACY and
CARRIE GRANT,

      Appellants,

Case No. 18-cv-11586
Hon. Matthew F. Leitman

v.

KENNETH A. NATHAN,

      Appellee.
_____/

## ORDER DENYING APPELLANT CARRIE GRANT'S MOTION FOR RECONSIDERATION (ECF #25)

On March 20, 2018, the Bankruptcy Court entered the following order: Order Approving Sale Procedures for Trustee's Auction Sale of Collectible Memorabilia (the "Sale Order"). (*See* E.D. Mich. Bankruptcy Court Case No. 14-53838 at Bankr. Dkt. #904.) In the Sale Order, the Bankruptcy Court granted the Trustee's motion to sell certain collectible memorabilia in which Appellant Carrie Grant claimed an ownership interest.

Grant filed an appeal of the Sale Order on May 19, 2018. (*See id.* at Bankr. Dkt. #911.) In a written order dated August 9, 2018, this Court dismissed Grant's appeal because she failed to file her Notice of Appeal within the fourteen-day time period set forth in Rule 8002 of the Federal Rules of Bankruptcy Procedure (the "Dismissal Order"). (*See* ECF #24).

1

Grant has now moved for reconsideration of the Dismissal Order. (*See* Mot. for Reconsideration, ECF #25.) She argues that the Bankruptcy Court "exempted" her from the Sale Order, and therefore she had no obligation to file an appeal of that order within fourteen days. (*Id.* at Pg. ID 404.) Grant thus insists that this Court erred when it held that her appeal was untimely. (*See id.* at 404-05.)

The Court held a hearing on Grant's motion for reconsideration on December 6, 2018. Grant did not appear at that hearing.[1]

Motions for reconsideration in this Court are governed by Local Rule 7.1(h). Under that rule, "[g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local Rule 7.1(h)(3).

---

[1] On November 14, 2018, the Court entered an order scheduling oral argument on Grant's motion for reconsideration. (*See* ECF #28.) In that filing, the Court ordered Grant, or counsel on her behalf, to appear for a motion hearing on December 6, 2018. (*See id.* at Pg. ID 427-28.) The Court served Grant with that order on November 14, 2018. (*See* Dkt.) Counsel for Grant never filed an appearance with the Court, and neither Grant nor counsel on her behalf appeared at the motion hearing.

For the reasons explained on the record at the December 6, 2018, hearing, Grant is not entitled to reconsideration of the Dismissal Order. As the Court explained on the record, Grant is not entitled to reconsideration because she cannot possibly show an entitlement to relief in this appeal. Her claim on the merits in this appeal is that the Trustee had no right to sell the personal property described in the Sale Order because she had an interest in that property. But after the Bankruptcy Court entered the Sale Order, it provided Grant a full opportunity to prove her interest in the property. Grant submitted papers and evidence to the Bankruptcy Court that, she asserted, established her interest in the property; the Trustee submitted counter-evidence; and the Bankruptcy Court held a hearing on Grant's claim. (*See* E.D. Mich. Bankruptcy Court Case No. 14-53838 at Bankr. Dkt. ## 906, 907, 941, 942.) For the reasons explained at that hearing, the Bankruptcy Court held that Grant had no interest in the relevant property, and it denied her claim of ownership. (*See id.* at Bankr. Dkt. ## 941, 942.) Grant never appealed that ruling. Thus, there is an unappealed order of the Bankruptcy Court holding that Grant has no right to, or interest in, the personal property at issue. In light of that order, Grant cannot possibly be entitled to an order barring the Trustee from selling that property – the precise relief that she seeks in this appeal. Accordingly, Grant has not and cannot show that even if the Dismissal Order contained a defect, the correction of

that defect would "result in a different disposition of the case." E.D. Mich. Local Rule 7.1(h)(3).

Moreover, there is a fundamental conflict between the position Grant takes in her appeal and the position she now takes in the motion for reconsideration. In Grant's appeal, she says that she was a "part[y] to the … order … appealed from" (*i.e.*, the Sale Order), and she seeks relief form that order. (Notice of Appeal, ECF #1 at Pg. ID 2.) But now, in her motion for reconsideration, Grant insists that the Bankruptcy Court "exempted" her from the Sale Order. (Mot. for Reconsideration, ECF #25 at Pg. ID 404.) Grant cannot have it both ways. If Grant was a "party" to the Sale Order, she had fourteen days to appeal that order. If Grant was "exempted" from the Sale Order, she had no basis to file this appeal seeking relief from that order.

Accordingly, for all of the reasons stated above, and all of the reasons stated on the record at the December 6, 2018, motion hearing, Grant's motion for reconsideration of the Dismissal Order (ECF #25) is **DENIED**.

    **IT IS SO ORDERED**.

    s/Matthew F. Leitman
    MATTHEW F. LEITMAN
    UNITED STATES DISTRICT JUDGE

Dated: December 7, 2018

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 7, 2018, by electronic means and/or ordinary mail.

                                              <u>s/Holly A. Monda</u>
                                              Case Manager
                                              (810) 341-9764